UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Helen M. Whitehurst,<br><br>        Plaintiff,<br><br>— against —<br><br>Staten Island University Hospital; North Shore Long Island Jewish Health System, Inc.; George Gresham; Melissa Hamm; and John Doe,<br><br>        Defendants. | **18-cv-1090 (ARR) (RER)**<br><br>**Not for electronic or print publication**<br><br>**Opinion & Order** |

ROSS, United States District Judge:

Helen Whitehurst is suing, *inter alia*, her former employer, Staten Island University Hospital ("SIUH"), for firing her, and her former union, 1199SEIU United Healthcare Workers East ("1199SEIU"), for failing to challenge that firing. She claims that they violated the New York City Human Rights Law ("NYCHRL") and New York State Human Rights Law ("NYSHRL") by discriminating against her because of her disability—sleep apnea. Whitehurst filed suit in state court, but 1199SEIU removed this action to federal court (with the consent of the other defendants), claiming that "because a determination of Plaintiff's rights is governed solely by federal law, this action is removable to federal court." Notice of Removal ¶ 6, ECF No. 1.

After her case was removed to this court, Whitehurst filed a motion to remand, arguing that her complaint raises only state-law claims. *See Whitehurst v. Staten Island Univ. Hosp.*, 18-cv-1090, 2018 WL 2744710 (E.D.N.Y. June 6, 2018). I denied this motion, holding that her claims against the hospital defendants were preempted by Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, because these claims are "substantially dependent on

analysis of a collective bargaining agreement."[1] *Id.* at *6–8 (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987), and *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985)). I also held that, under the "artful-pleading doctrine," plaintiff's claims against 1199SEIU arose under federal law since, "if the complaint states a plausible claim for relief against 1199SEIU at all, it states a claim for breach of the duty of fair representation." *Id.* at *6. Indeed, "although Whitehurst claims that she is raising only claims of disability-based discrimination under the NYCHRL and the NYSHRL," there are no factual allegations in her complaint that support a plausible claim that "1199SIEU discriminated against her because of her sleep apnea, as both statutes require." *Id.* Further, I noted that if there was federal-question jurisdiction over the plaintiff's claims against either the hospital defendants or 1199SEIU, there would be supplemental jurisdiction over the other set of claims. *Id.* at *4 (citing *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997)).

The hospital defendants and 1199SEIU now move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *See* Mem. of Law in Supp. of Def. 1199SEIU's Mot. to Dismiss, ECF No. 22; Defs.' SIUH, Northwell Health, Inc., and Melissa Hamm's Mem. of Law in Supp. of Mot. to Dismiss, ECF No. 24. The plaintiff does not oppose this motion given my prior decision on the motion to remand, admitting that if her suit arises under federal law, it is untimely. Pl.'s Br. 1–2, ECF No. 26.

As plaintiff does not contest that, based on the law of the case, her suit is barred by the LMRA's statute of limitations, *id.* at 2., I will dismiss this case. Whitehurst filed her complaint in state court on November 30, 2017. Compl. 15, ECF No. 1-1. But, as she admits, her claim accrued under the LMRA almost 20 months earlier, on April 6, 2016, when "SEIU's Hearings and Appeals

---

[1] By the "hospital defendants," I mean Staten Island University Hospital, North Short Long Island Jewish Health System, Inc. (now Northwell Health, Inc.), and Melissa Hamm.

Board denied [her] request for arbitration." Pl.'s Br. 2. Indeed, "the cause of action accrues no later than the time when plaintiff[] *knew* or reasonably *should have known* that . . . a breach of the duty of fair representation has occurred." *Kalyanaram v. Am. Ass'n of Univ. Professors*, 742 F.3d 42, 46 (2d Cir. 2014) (citation omitted). And hybrid § 301/duty of fair representation claims—which is what I previously concluded that plaintiff's claims were—are subject to a six-month statute of limitations. *White v. White Rose Food*, 128 F.3d 110, 114 (2d Cir. 1997) (citing *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 169 (1983)). Thus, Whitehurst filed her complaint over a year too late.

Whitehurst's refusal to respond to the defendants' arguments about the merits of her hybrid §301/duty of fair representation claim provides another, independent reason to dismiss her complaint. An argument is "waived or abandoned if a party fails to make it." *Vasquez v. New York City Dep't of Educ.*, No. 11-CV-3674, 2015 WL 3619432, at *4 (S.D.N.Y. June 10, 2015) (collecting cases). But, here, plaintiff declines to respond to the defendants' points about the merits of her claims, stating that since she "has no desire to assert an LMRA claim," it would be "academic to argue its merits." *Id.* at 2. Instead, she discusses how her "only asserted claims, under the New York State and City Human Rights Law, set[] forth a viable case" in order to "preserve the issue for appeal." *Id.* at 2. In essence, she reiterates the arguments that I rejected on the motion for remand. *See id.* at 2–9. She has thus abandoned any argument that she states a duty of fair representation claim against 1199SEIU or a § 301 claim against the hospital defendants.[2]

---

[2] To be clear, this result was not foreordained by the resolution of the motion to remand. In my prior opinion in this case, I left open the question of whether the complaint stated a plausible duty of fair representation claim against 1199SEIU. *Whitehurst*, 2018 WL 2744710 at *6. I stated only that "the factual allegations of the complaint do not support the notion that 1199SEIU discriminated against Ms. Whitehurst *because of* her disability." *Id.* But, to state a claim to relief under the NYSHRL or NYCHRL, a complaint must provide "plausible support to a minimal inference of discriminatory motivation." *Id.* at *5 (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015)). Thus, I held, "if the complaint states a plausible claim for relief against 1199SEIU at all, it states a claim for breach of the duty of fair representation," which necessarily "arises under federal law." *Id.* at *6.

3

## CONCLUSION

For the foregoing reasons, the defendants' motions to dismiss are granted and the complaint is dismissed with prejudice. The clerk of court is directed to close this case.

_____/s/_____
Allyne R. Ross
United States District Judge

Dated: July 24, 2018
Brooklyn, New York

---

Similarly, in my decision on the motion to remand, I left open the possibility that the complaint stated a plausible claim that the hospital defendants discriminated against plaintiff on the basis of her sleep apnea in the grievance process once they learned of her medical condition. *See Whitehurst*, 2018 WL 2744710 at *9. I held only that "adjudicating her claims will require substantial interpretation of the terms of the CBA"—and is therefore preempted by § 301—since "her employer did not know that she suffered from sleep apnea at the time of her . . . termination." *Id.* at *8. To state a disability-based discrimination claim under either the NYSHRL or the NYCHRL, an employer must have notice of the disability. *Id.* at *6 & n.5 (citing *Magnotti v. Crossroads Healthcare Mgmt.*, 126 F. Supp. 3d 301, 314 (E.D.N.Y. 2015), and *Romanello v. Intesa Sanpaolo, S.p.A.*, 22 N.Y.3d 881, 885 (2013)). Thus, if plaintiff "was merely a probationary employee [and had no right to be fired only for cause under the CBA], then SIUH cannot have discriminated against her during the grievance process because she had no right to avail herself of this process . . . . [T]o answer the question of whether the hospital discriminated against Whitehurst, we must first interpret the terms of the CBA." *Id.* at *9.